IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-327-BO-RN

OLIVER W. FORD,                      )
                                     )
                  Plaintiff,         )
                                     )
         v.                          )                    O R D E R
                                     )
LEON LEVERT PERRY II,                )
                                     )
                  Defendant.         )

This cause comes before the court on the memorandum and recommendation of United

States Magistrate Judge Brian S. Meyers. [DE 50]. Plaintiff has filed objections [DE 51] and the

matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation

is adopted in full.

BACKGROUND

On April 13, 2023, defendant Perry filed a petition in the Onslow County superior court to

partition a piece of real property, naming plaintiff Ford's wife as a party. [DE 1-11, p. 4]. Ford felt

he was an owner of the property who should have been named as a party in that action as well.

[DE 31, p. 23–25]. The Onslow County court found he did not own legal title to the property. [DE

1-11, p. 4]. Ford filed a myriad of claims in state court. [DE 1-11, p. 7]. On May 12, 20243, Ford

filed a separate lawsuit in North Carolina state court against Perry based on claims arising from

the partition. [DE 1-11, p. 4]; [DE 31, p. 25]. That suit was dismissed with prejudice. [DE 1-27, p.

1]; [DE 1-11, p. 5]. On September 11, 2023, Ford filed yet another North Carolina state court

action based on the same property dispute. [DE 1-19]. In the course of this litigation, the property

was ordered to be sold, and plaintiff's family was directed to leave the property. [DE 1-11, p. 6].

It is this action, 23-CVS-2520, which Ford seeks to remove to federal court and is presently at issue.

United States Magistrate Judge Meyers' memorandum and recommendation [DE 50] recommended that defendant's motion to dismiss [DE 21] be granted, plaintiff's complaint [DE 1] be dismissed with prejudice, and plaintiff's motion for default judgment [DE 18] be denied. Judge Meyers also denied defendant's motion to strike [DE 32] as moot, denied plaintiff's request for sanctions [DE-32, p. 41–48], and denied plaintiff's motion for arrest warrant [DE 38]. Plaintiff filed his written objections to the memorandum and recommendation. [DE 51].

DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

As a preliminary matter, each of Magistrate Judge Meyers' recommendations eventually relies on common reasoning. First, the court lacks subject matter jurisdiction over this case, because it is essentially an appeal of a state court decision to federal court and is therefore barred by the *Rooker-Feldman* doctrine. [DE 50, p. 9]; *see D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 (1983) (barring federal courts from sitting "in direct review of state court decisions"). Second, the defendant was not properly served, because the plaintiff indicates in his certificates of service that he personally mailed the complaint to the defendant. [DE 50, p. 12]; see *Locust v. Stroud*, No. 4:17-cv-110-D, 2017 U.S. Dist. LEXIS 193091, at *2 (E.D.N.C. Nov. 21, 2017) (holding that the plaintiff Locust could not "personally attempt to serve defendants, including by personally placing the summons and complaint in the mail"). Plaintiff has not remedied these defects or advanced any argument concerning them, but in his response in opposition to Magistrate Judge Meyers' memorandum and recommendation generally continues to argue the merits of his ephemeral claims.

**I. Defendant's Motion to Dismiss [DE 21] and Dismissal of Complaint [DE 1]**

Defendant's motion to dismiss is based on three grounds: lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. Magistrate Judge Meyers recommended that the motion be granted, finding it supported by all three grounds purported in defendant's motion to dismiss. Plaintiff's responsive filing, though on the whole imitating an objection, emphasizes that he offers no new material on this issue. [DE 51, p.8]. Although he believes the record is sufficient to support his claims, he offers no new argument. *Id.* Plaintiff also clarifies that he means to bring no new claims in his recent filings. *Id.* He resigns that "[w]e will have no choice but to accept the decision of the Magistrate Judge at this time." *Id.*

## II. Plaintiff's Motion for Entry of Default and Default Judgment [DE 18]

Plaintiff moved for an entry of default and default judgment against defendant. [DE 18]. Defendant' response in opposition argues that a default judgment is inappropriate where the court does not have subject matter jurisdiction, or where the defendant has not been properly served, or where the defendant has appeared and defended the action, and all are true in this case. [DE 23]. Magistrate Judge Meyers recommended that the motion for entry of default and default judgment be denied on those grounds.

Plaintiff's response in opposition [DE 51] restates that the core requirement for a default judgment is the defendant's failure to defend the suit. Apart from this recitation, he offers no novel argument on the issues of proper service or subject matter jurisdiction. Those lacking, an entry of default and a default judgment are inappropriate.

## III. Magistrate Judge Meyers' Nondispositive Orders

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge' s order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court' s review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Additionally, " [i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's

determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W.Va. 2014) (quotation and citation omitted).

Magistrate Judge Meyers denied defendant's motion to strike [DE 32] as moot, denied plaintiff's request for sanctions [DE-32, p. 41–48], and denied plaintiff's motion for arrest warrant [DE 38]. This Court has considered plaintiff's objections and discovered no mistake in Magistrate Judge Meyers' orders.

## CONCLUSION

For the foregoing reasons, the memorandum and recommendation at [DE 50] is ADOPTED and plaintiff's objections thereto are OVERRULED. Plaintiff's motion for entry of default and default judgment [DE 18] is DENIED. Defendant's motion to dismiss [DE 21] is GRANTED and plaintiff's complaint [DE 1] is DISMISSED WITH PREJUDICE.

Plaintiff's objections to the orders entered by Magistrate Judge Meyers at [DE 50] are OVERRULED and the decisions of the magistrate judge are affirmed.

SO ORDERED, this **24** day of September 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE